Lon A. Jenkins (4060)
Tami Gadd (12517)
MaryAnn Bride (13146)
Katherine T. Kang (14457)
OFFICE OF THE CHAPTER 13 TRUSTEE
465 S 400 E, STE 200
Salt Lake City, Utah 84111
Telephone: (801) 596-2884
Facsimile: (801) 596-2898
Email: utahtrusteemail@ch13ut.org

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH**

| In re: <br><br> CORBIN WILLIAM ARCHER <br> LISA ANN COLLET ARCHER <br><br> Debtors. | Case No. 22-24511 <br> Chapter 13 <br> Hon. Kevin R. Anderson |
|---|---|

**TRUSTEE'S MOTION TO DISMISS WITH PREJUDICE UNDER 11 U.S.C. § 105(a) FOR FAILURE TO PROSECUTE BANKRUPTCY CASE UNDER § 109(g) AND PARTICIPATING IN A SCHEME TO DELAY, HINDER OR DEFRAUD CREDITORS UNDER 11 U.S.C. § 362(d)(4)**

Lon A. Jenkins, Chapter 13 Trustee, by and through counsel, hereby moves for an order of dismissal with prejudice to prevent future abuse by the Debtor's serial filings. In support thereof, the Trustee represents as follows:

1. The Debtors filed for relief under Chapter 13 on November 16, 2022.

2. As of the date of this motion, Debtors have failed to file deficient documents including a list of creditors, Chapter 13 Statement of Current Monthly Disposable Income, Schedules, Chapter 13 Plann, Summary of Assets and Liabilities, Statement of Financial Affairs, and Certificate of Credit Counseling.

3. As of the date of this motion, the Debtors have not made the initial payment.

4. The Debtors have filed 3 total cases in the last year and has developed a history of filing Chapter 13 cases and failing to make plan payments, pay fees and file required information:

| Case No. | Case Title | Chapter | Date Filed | Date Dismissed | Reason for Dismissal |
|---|---|---|---|---|---|
| 22-24511 | Corbin William Archer and Lisa Ann Archer | 13 | 11/16/2022 | N/A | |
| 22-23333 | Corbin William Archer and Lisa Ann Archer | 13 | 08/26/2022 | 10/12/2022 | Failure to File Information |
| 22-21783 | Corbin William Archer and Lisa Ann Archer | 13 | 05/15/2022 | 06/30/2022 | Failure to File Information |

## **MEMORANDUM**

The purpose of § 109(g) is to "balance the scales more fairly by providing the courts with greater authority to control abusive multiple filings by individual debtors." [1] In order to dismiss a case with prejudice under § 109(g), the movant must show (1) the Debtor failed to abide by an order of the court or failed to appear before the court in proper prosecution of the case, and (2) that such failure was willful. The term "willful" in the § 109(g) context means intentional, knowing and deliberate behavior.[2] Conduct is "willful" within the meaning of § 109(g) when the Debtor has notice of the responsibility to act, and the Debtor intentionally engaged in conduct that resulted

---

[1] In re Fulton, 52 B.R. 627, 630 (Bankr. D. Utah 1985) (citations omitted).
[2] Id. at 633.

2

in a failure to fulfill that responsibility.[3] Courts may review the Debtor's conduct in prior bankruptcies to determine the whether the totality of the circumstances results in "willful failure" as repeated conduct can give rise to the court inferring that the Debtor's actions were deliberate.[4] The term "appear" is more than a physical presence at a hearing at court and "includes, among other things, being represented at non-court hearings related to a case or filing papers in the case."[5] The code does not define "proper prosecution of a case", but logically includes "compliance with various statutory duties the Debtor must perform including those outlined in §§ 341, 521, 1304, 1321, 1322, 1326, the Federal Rules of Civil and Bankruptcy Procedures and this Court's Local Rules."[6]

Section 105 gives Bankruptcy Courts broad equitable powers to issue any order, process or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code or prevent an abuse of process,[7] and to specifically address instances of bad-faith, serial filings (s*ee United States v. Boulware*, 604 F.3d 832 (4th Cir. 2010); *Dempsey v. Carter*, No. 07-1042, 2007 WL 2478674 (7th Cir. 2007) (unpublished); *In re Ellsworth*, 455 B.R. 904, 921-22 (B.A.P. 9th Cir. 2011); *In re Cusano*, 431 B.R. 726, 735-37 (B.A.P. 6th Cir. 2010); *In re Marshall*, 407 B.R. 359, 363 (B.A.P. 8th Cir. 2009);and *In re Gonzalez-Ruiz*, 341 B.R. 371, 386 (B.A.P. 1st Cir. 2006)).

---

[3] In re Tilson, Ch 13 Case No. 03-22735, Order Dismissing Case (docket 18) entered June 10, 2003. (http://www.utb.uscourts.gov/localOpinions/opinions/437opin.pdf)
[4] Fulton at 634.
[5] In re Sink, Ch 13 Case No. 02-40042, Memorandum Decision and Order Granting Motion to Dismiss Case with Prejudice (docket 20) entered February 28, 2003.
(http://www.utb.uscourts.gov/localOpinions/opinions/434opin.pdf)
[6] Id.
[7] Marrama v. Citizen Bank of Massachusetts, 549 U.S. 365 (2007).

The Trustee requests the case be dismissed with a bar to refiling any petition for a period of no less than 365 days from the date of dismissal for failure to properly prosecute the current bankruptcy. The Debtors have established a pattern of delaying and hindering creditors by filing sequential cases and failing to prosecute their cases. Thus, it appears that dismissal with prejudice is warranted.

WHEREFORE, the Trustee requests entry of an Order granting the relief requested in the Motion.

DATED: December 14, 2022.

/s/ *MaryAnn Bride*
MaryAnn Bride
Attorney for Chapter 13 Trustee

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing paper was served on the following on December 15, 2022.

Corbin William Archer
Lisa Ann Collet Archer
3861 East Evelyn Drive
Salt Lake City, UT 84124

/s/ Jaci Coyle
Office of the Chapter 13 Trustee